HERBERT RUBIN *vs.* BEACH SOAP COMPANY. November 4, 1963. Exceptions overruled. The plaintiff in this action of contract seeks to recover for an alleged breach of an implied covenant of quiet enjoyment. The case was referred to an auditor under the usual rule and he found for the defendant. After a trial before a judge on the auditor's report and other evidence, there was a finding for the defendant. The alleged breach of covenant, according to the findings of the auditor and other evidence, consisted of the following: The defendant, on November 23, 1956, leased to the plaintiff a portion of premises owned by it in Lawrence. Another portion of the premises was leased by the defendant to Washington Fibres, Inc. (Washington), under a lease dated July 30, 1956. According to the auditor, "The plaintiff's entire case is predicated upon the fact that his insurance carriers cancelled his fire and casualty insurance effective January 15, 1959 . . . and the plaintiff rewrote them through . . . [other] companies at a much higher premium . . . . The reason for this change of insurance . . . was the increased risk because of the operations [manufacturer of fibers] of . . . Washington . . . on the fifth floor," a legal enterprise involving no violation of law. Concluding, the auditor found that the plaintiff continued to occupy the premises and that there had been no breach of duty to the plaintiff on the part of the defendant, and no breach of the implied covenant of quiet enjoyment. The plaintiff relies on *Winchester* v. *O'Brien*, 266 Mass. 33, and *Brande* v. *Grace*, 154 Mass. 210. We are of opinion that these cases are not controlling. It is to be noted that the plaintiff's lease was executed subsequent to the lease to Washington. Thus the defendant committed no act which impaired the character and value of the leased premises. There was no error.

*Max Volterra* for the plaintiff.
*Edward L. Lanigan* for the defendant.